Russell F. Nelms
U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| IN RE: § | |
| § | Case No. 13-43280-RFN-11 |
| JC&H, INC., § | |
| § | In Proceedings Under Chapter 11 |
| § | |
| Debtor § | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN CONNECTION WITH CONFIRMATION OF ORIGINAL CHAPTER 11 PLAN OF REORGANIZATION**

On the 28[h] day of April, 2014, came on for confirmation before this Court the Amended Chapter 11 Plan of Reorganization Proposed by JC&H, Inc., Debtor and Debtor in Possession, dated February 7, 2014 (the "Plan")[1]. All parties appearing in connection with the confirmation of the Plan were duly noted on the record.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Chapter 11 Plan of Reorganization jointly proposed by the Debtor.

After consideration of the Plan, the evidence presented, the arguments of counsel, together with the records and files in this Chapter 11 proceeding, this Court hereby makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. The Chapter 11 bankruptcy case of JC&H, Inc. ("JC&H", "Debtor" or "Debtor in Possession"), was commenced pursuant to Voluntary Petition filed July 19, 2013. The Debtor has continued to operate as a debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

2. The Original Disclosure Statement to Accompany Original Plan of Reorganization filed on February 7, 2014 (the "Disclosure Statement") was amended and filed on March 10, 2014. The Amended Disclosure Statement filed on March 10, 2014 was conditionally approved by Order Conditionally Approving Amended Disclosure Statement entered April 4, 2014 and finally approved pursuant to Order entered concurrent herewith. The Amended Disclosure Statement refers to the Plan filed by the Debtor (sometimes hereinafter "Proponent").

3. Copies of the Amended Disclosure Statement, Ballot for accepting or rejecting the Plan, the Amended Plan and notice of the Order Conditionally Approving Amended Disclosure Statement were properly and timely mailed to all known creditors and parties in interest in the Chapter 11 case.

4. There was one ballot regarding confirmation timely filed with the Court.

5. The Amended Plan complies with the applicable provisions to title 11, United States Code.

6. The Proponent of the Amended Plan has complied with the applicable provisions of title 11, United States Code.

7. The Amended Plan has been proposed in good faith and not by any means forbidden by law.

8. Any payment made or to be made by the Debtor or by a successor of the Debtor for services or for costs and expenses in or in connection with the case, or in connection with the Plan and incident to the case, has been approved by, or is subject to the approval of, this Court as reasonable.

9. The Proponent of the Amended Plan has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the Amended Plan, as a director, officer, or voting trustee of the Debtor, an affiliate of the Debtor participating in a joint plan with the Debtor, or a successor to the Debtor under the Amended Plan; and the appointment to, or continuance in, such office of such individual, is consistent with the interests of creditors and equity security holders and with public policy; and the Proponent of the Amended Plan has disclosed the identity of any insider that will be employed or retained by the reorganized Debtor, and the nature of any compensation for such insider.

10. The Amended Plan does not provide for any rate changes subject to approval by any governmental or regulatory commission with jurisdiction over the rates of the Debtor or its successor.

11. Each holder of an Allowed Claim or Allowed Interest in each class of Allowed Claims or Allowed Interests in the Amended Plan has accepted the Amended Plan or will receive or retain under the Amended Plan on account of such Allowed Claim or Allowed Interest property of a value as of the Effective Date of the Amended Plan, that is not less than the amount that such holder would receive or retain if the Debtor were liquidated under Chapter 7 of title 11 of the United States Code on such date.

12. All voting impaired Classes have accepted the Amended Plan in accordance with § 1126 of the Bankruptcy Code. The Ballot Summary containing the tabulation of votes was admitted into evidence without objection.

13. At least one class of Allowed Claims impaired under the Amended Plan has accepted the Amended Plan without regard to or inclusion of any acceptance of the Amended Plan by any insider.

14. The Amended Plan does not discriminate unfairly and is fair and equitable with regard to each class of claims or interests.

15. The Amended Plan provides that the holder of an Allowed Claim specified in Section 507(a) of the Bankruptcy Code shall receive cash equal to the allowed amount of such Allowed Claim on the Effective Date or as soon thereafter as is practicable.

16. Confirmation of the Amended Plan is not likely to be followed by the need for further financial reorganization of the Debtor, except to the extent that such liquidation or reorganization is proposed in the Amended Plan.

17. All fees payable under §1930 of title 28, United States Code, as determined by the Court have been paid or the Amended Plan provides for the payment of all such fees on or before the Effective Date.

18. The Debtor shall file with the Court and serve on the United States Trustee a quarterly financial report for each quarter (or portion thereof) until the Bankruptcy Case is closed, dismissed, or converted, as the case may be.

19. There is no retirement plan for which the Debtor is obligated to make payment of retirement benefits, as that term is defined in § 1114 of title 11, United States Code.

20. The Debtor is not required by a judicial or administrative order, or by statute, to pay a domestic support obligation.

21. All transfers of property of the Amended Plan shall be made in accordance with any applicable provisions of non-bankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.

22. The Amended Plan and all transactions contemplated there under do not have as their principal purpose the avoidance of any taxes.

23. To the extent any of the Conclusions of Law set forth below include Findings of Fact, they are incorporated herein by this reference.

## CONCLUSIONS OF LAW

24. To the extent any of the Findings of Fact set forth above include Conclusions of Law, they are incorporated herein by this reference.

25. The proceeding with respect to the confirmation of the Amended Plan is a core proceeding within the meaning of 28 U.S.C. §157(b)(2). The Bankruptcy Court has jurisdiction over the Debtor's Chapter 11 case pursuant to 28 U.S.C. §157(a) and has jurisdiction to make the Findings of Fact and Conclusions of Law referred to herein and to enter the Order Confirming Amended Plan, dated of even date herewith and entered concurrently herewith.

26. The Amended Plan was prepared and filed in compliance with the applicable provisions under title 11, United States Code, contains all provisions required by §1123 of the Bankruptcy Code, and contains only such other provisions as are permitted by §1123 of the Bankruptcy Code and as are consistent with title 11, United States Code.

27. All Claims and Interests have been properly classified in the Amended Plan in accordance with § 1122 of the Bankruptcy Code.

28. Notice of the hearing to consider confirmation of the Amended Plan, the date fixed for filing acceptances or rejections of the Amended Plan and the date fixed for filing objections to confirmation of the Amended Plan was appropriate and the best notice possible under all of the circumstances, as required by § 102(1) of the Bankruptcy Code and Bankruptcy Rules 2002 and 3017 and all other applicable law.

29. The solicitation of acceptances of the Amended Plan, including, without limitation, the procedures adopted and followed in transmitting, receiving and tabulating acceptances and rejections of the Amended Plan, were in compliance with §§ 1125 and 1136 of the Bankruptcy Code and applicable bankruptcy rules and were appropriate and adequate under all of the circumstances of these cases.

30. All of the requirements for confirmation of the Amended Plan specified by § 1129(a) of the Bankruptcy Code have been satisfied.

31. The Amended Plan should be **CONFIRMED**.

### End of Order ###

ORDER SUBMITTED BY:

DAVIS, ERMIS & ROBERTS, P.C.
1010 N. Center, Suite 100
Arlington, Texas 76011
Telephone: 972.263.5922
Telecopy: 972.262.3264


By: /s/ Craig D. Davis
     Craig D. Davis
     State Bar No. 17018600

COUNSEL FOR DEBTOR IN POSSESSION